*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 22, 2015                    519074
_____

In the Matter of IRYANNA I.,
    Alleged to be a Neglected,
    Abused and/or Severely
    Abused Child.

ST. LAWRENCE COUNTY DEPARTMENT            MEMORANDUM AND ORDER
    OF SOCIAL SERVICES,
                    Respondent;

BENJAMIN K.,
                    Appellant.
_____


Calendar Date:   September 15, 2015

Before:   Peters, P.J., Lahtinen, McCarthy and Lynch, JJ.

                    _____


        George J. Hoffman Jr., Rural Law Center of New York,
Albany, for appellant.

        David D. Willer, St. Lawrence County Department of Social
Services, Canton, for respondent.

        Maureen C. McGaw, Canton, attorney for the child.

                    _____


Lynch, J.

        Appeal from an order of the Family Court of St. Lawrence
County (Morris, J.), entered May 2, 2014, which partially granted
petitioner's application, in a proceeding pursuant to Family Ct
Act article 10, to adjudicate respondent's child to be neglected,
abused and/or severely abused.

        Respondent is the biological father of eight children.  In

2010, Family Court determined that he neglected, abused and severely neglected six of his biological children and the biological daughter (born in 1998) of his former wife. The determination was based upon its finding that while caring for all the children, he engaged in sexual intercourse with the unrelated child a number of times during a three-year period beginning when she was seven years old. We affirmed these findings on appeal (Matter of Ramsey H. [Benjamin K.], 99 AD3d 1040, 1042 [2012], lv denied 20 NY3d 858 [2013]). In July 2012, Family Court determined that respondent derivatively neglected, abused and severely abused his seventh child, which order was affirmed by this Court (Matter of Ilonni I. [Benjamin K.], 119 AD3d 997 [2014], lv denied 24 NY3d 914 [2015]). In July 2013, shortly after the birth of respondent's eighth child (hereinafter the subject child), petitioner filed the instant Family Ct Act article 10 proceeding alleging derivative neglect, abuse and severe abuse. After a fact-finding hearing, Family Court determined that respondent had derivatively neglected and abused the subject child, granted the petition to that extent, and ordered that the subject child remain in her mother's supervision. Respondent now appeals and we affirm.

The Family Ct Act defines a neglected child as one "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his [or her] parent or other person legally responsible for his [or her] care to exercise a minimum degree of care" (Family Ct Act § 1012 [f] [i]; see Nicholson v Scoppetta, 3 NY3d 357, 370 [2004]). The proof of imminent danger of impairment must be "near or impending, not merely possible" (Nicholson v Scoppetta, 3 NY3d at 369) and "there must be a 'causal connection between the basis for the neglect petition and the circumstances that allegedly produce the . . . imminent danger of impairment'" (Matter of Afton C. [James C.], 17 NY3d 1, 9 [2011], quoting Nicholson v Scoppetta, 3 NY3d at 370). As we previously stated, proof of the abuse or neglect of one child "typically may not serve as the sole support for a finding of derivative abuse or neglect" (Matter of Ilonni I. [Benjamin K.], 119 AD3d at 997), but it may suffice "where the proof of past neglect and abuse demonstrably evidence[s] fundamental flaws in the respondent's understanding of the duties of parenthood" (id.

at 997 [internal quotation marks and citations omitted]; see
Matter of Kayden E. [Luis E.], 111 AD3d 1094, 1096 [2013], lv
denied 22 NY3d 862 [2014]).

Here, during the fact-finding hearing, at petitioner's
request and without objection, Family Court took judicial notice
of several orders, including the aforementioned, wherein the
court had determined that respondent had neglected, abused and
severely abused his former wife's daughter and derivatively
neglected, abused and severely abused seven of his children.
Respondent's caseworker testified that, as of the date of this
petition, respondent had not completed certain recommended
treatment, including family counseling.  For his part, respondent
conceded that not all services were completed and he continued to
deny that he had sexually abused his former wife's child.

We reject respondent's argument that his "alleged" sexual
abuse was too remote in time to permit Family Court to conclude
that the subject child was derivatively neglected.  Where, as
here, the issue presented is one of derivative neglect or abuse,
"[a] prior determination should be sufficiently proximate in time
to reasonably conclude that the problematic conditions continue
to exist, but there is no bright-line, temporal rule beyond which
we will not consider older child protective determinations"
(Matter of Ilonni I., [Benjamin K.], 119 AD3d at 998 [internal
quotation marks and citations omitted]; see Matter of Alexander
Z. [Melissa Z.], 129 AD3d 1160, 1164 [2015], lv denied 25 NY3d
914 [2015]; Matter of Paige WW. [Charles XX.], 71 AD3d 1200, 1203
[2010]).  In our view, the 2008 acts of sexual abuse leading to
the initial 2010 adjudication were sufficiently proximate to
permit Family Court's conclusion that the conditions persisted
(see Matter of Paige WW. [Charles XX.], 71 AD3d at 1203).  We
have already determined that respondent's past acts with a child
entrusted to his care demonstrated the requisite "fundamental
defect in [his] understanding of parental duties" (Matter of
Ilonni I. [Benjamin K.], 119 AD3d at 998).  Now, we agree with
Family Court's observation that respondent's continued failure to
accept responsibility for his conduct also demonstrated a
fundamental flaw (see Matter of Kayden E. [Luis E.], 111 AD3d at
1096).  Further, although the record indicates that respondent
completed certain recommended sex offender treatment after the

petition herein was filed, he had not completed all the recommended treatment and, with the exception of the two oldest children (born in 1996 and 1997), he had not been allowed unsupervised visitation with any of his children. Accordingly, and giving the requisite deference to the court's credibility findings, we conclude that the finding of derivative abuse of the subject child by respondent is supported by a preponderance of the evidence (see Matter of Alexander Z. [Melissa Z.], 129 AD3d at 1164; Matter of Neveah AA. [Alia CC.], 124 AD3d 938, 939 [2015]; Matter of Kayden E. [Luis E.], 111 AD3d at 1096; Matter of Paige WW. [Charles XX.], 71 AD3d at 1204).

Peters, P.J., Lahtinen and McCarthy, JJ., concur.


ORDERED that the order is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court