Matter of Anthony M.-B. (Anthony B.) (2022 NY Slip Op 05320)

Matter of Anthony M.-B. (Anthony B.)

2022 NY Slip Op 05320

Decided on September 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2021-04146 
2021-04147
 (Docket Nos. N-26425-16, N-29426-16)

[*1]In the Matter of Anthony M.-B. (Anonymous). Administration for Children's Services, respondent; Anthony B. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of Ariana M.-B. (Anonymous). Administration for Children's Services, respondent; Anthony B. (Anonymous), appellant. (Proceeding No. 2.)

Rhea G. Friedman, New York, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (MacKenzie Fillow and Rebecca L. Visgaitis of counsel), for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Judith Stern of counsel), attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the father appeals from (1) an order of fact-finding of the Family Court, Kings County (Jacqueline D. Williams, J.), dated January 27, 2020, and (2) an order of disposition of the same court dated May 19, 2021. The order of fact-finding, after a fact-finding hearing, found that the father sexually abused the child Ariana M.-B., derivatively abused the child Anthony M.-B., and neglected both of the children. The order of disposition, upon the order of fact-finding and after a dispositional hearing, inter alia, released the subject children to the custody of the nonrespondent mother.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the order of fact-finding was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the order of disposition is affirmed, without costs or disbursements.
In November 2016, the petitioner, the Administration for Children's Services (hereinafter ACS), commenced these related proceedings pursuant to Family Court Act article 10. [*2]Following a fact-finding hearing, the Family Court determined that the father sexually abused Ariana M.-B., derivatively abused Anthony M.-B., and neglected both of the children. In an order of disposition dated May 19, 2021, the court, inter alia, released the subject children to the custody of the nonrespondent mother. The father appeals.
At a fact-finding hearing in a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing, by a preponderance of the evidence, that the subject child has been abused or neglected (see id. § 1046[b][i]; Matter of Tammie Z., 66 NY2d 1, 3; Matter of Mariliz G. [Jamie G.], 207 AD3d 627; Matter of Antonio T. [Franklin T.], 169 AD3d 699, 700). The Family Court's findings with respect to credibility are entitled to great weight on appeal (see Matter of Brianna M. [Corbert G.], 152 AD3d 600, 601; Matter of Desiree P. [Michael H.], 149 AD3d 841).
Here, ACS demonstrated by a preponderance of the evidence that the father sexually abused Ariana M.-B. (see Family Ct Act § 1012[e][iii]; Matter of Taurice M. [Gregory A.], 147 AD3d 844, 844-845). Ariana M.-B.'s out-of-court statements were sufficiently corroborated by the mother's testimony confirming certain events (see Matter of Nicole V., 71 NY2d 112, 118; Matter of Jolieanna G. [Jennifer G.], 202 AD3d 622, 623; Matter of Antonio T. [Franklin T.], 169 AD3d at 700). Moreover, a derivative finding of abuse as to Anthony M.-B. was warranted, as the evidence demonstrated such an impaired level of parental judgment as to create a substantial risk of harm for any child in the father's care (see Matter of Marino S., 100 NY2d 361, 374; Matter of Vered L. [Yoshi S.], 205 AD3d 1028, 1030; Matter of Antonio T. [Franklin T.], 169 AD3d at 700).
Contrary to the father's contention, a preponderance of the admissible evidence also supported a finding that the children's physical, mental, or emotional conditions were impaired or in imminent danger of impairment by the father's commission of an act of domestic violence against the mother in the presence of the children (see Matter of Silveris P. [Meuris P.], 198 AD3d 787, 789; Matter of Nina P. [Giga P.], 180 AD3d 1047, 1048; Matter of Cristalyn G. [Elvis S.], 158 AD3d 563, 564).
The father's remaining contentions are either unpreserved for appellate review or without merit.
IANNACCI, J.P., RIVERA, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court