Matter of Kaley G. (William G.) (2023 NY Slip Op 01508)

Matter of Kaley G. (William G.)

2023 NY Slip Op 01508

Decided on March 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2022-01076
2022-01077
 (Docket Nos. N-2714-21, N-2715-21, N-4690-21)

[*1]In the Matter of Kaley G. (Anonymous). Administration for Children's Services, respondent; William G. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Evelyn T. (Anonymous). Administration for Children's Services, respondent; William G. (Anonymous), appellant. (Proceeding No. 2)
In the Matter of William G. (Anonymous). Administration for Children's Services, respondent; William G. (Anonymous), appellant. (Proceeding No. 3)

Larry S. Bachner, New York, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Jamison Davies and Jonathan Schoepp-Wong of counsel), for respondent.
Richard L. Herzfeld, New York, NY, attorney for the children Kaley G. and William G.
Twyla Carter, New York, NY (Dawne A. Mitchell and Marcia Egger of counsel), attorney for the child Evelyn T.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, William G. appeals from (1) an order of fact-finding of the Family Court, Kings County (Diane Costanzo, J.), dated October 21, 2021, and (2) an order of disposition of the same court dated January 10, 2022. The order of fact-finding, after a fact-finding hearing, found that William G. sexually abused the child Evelyn T. and derivatively abused the children Kaley G. and William G. The order of disposition, upon the order of fact-finding and after a dispositional hearing, insofar as appealed from, directed William G. to complete a sex offender treatment program and parenting skills course, and directed the issuance of an order of protection in favor of the child Evelyn T. and against him.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the order of fact-finding was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.
The Administration for Children's Services (hereinafter ACS) commenced these proceedings pursuant to Family Court Act article 10, alleging, inter alia, that William G. (hereinafter the appellant) sexually abused the child Evelyn T. Following a fact-finding hearing, the Family Court found that the appellant was a person legally responsible for the care of Evelyn T., that he sexually abused Evelyn T., and that he derivatively abused the children Kaley G. and William G., his biological children. After a dispositional hearing, the court, inter alia, directed the appellant to complete a sex offender treatment program and parenting skills course, and directed the issuance of an order of protection in favor of Evelyn T. and against him.
At a fact-finding hearing in a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing, by a preponderance of the evidence, that the subject child has been abused or neglected (see Family Ct Act § 1046[b][i]; Matter of Brianna M. [Corbert G.], 152 AD3d 600, 601). The Family Court's findings with respect to credibility are entitled to great weight (see Matter of Brianna M. [Corbert G.], 152 AD3d at 601; Matter of Desiree P. [Michael H.], 149 AD3d 841, 841). In Family Court Act article 10 proceedings, the Family Court has "considerable discretion to decide whether the child's out-of-court statements describing incidents of abuse or neglect have, in fact, been reliably corroborated and whether the record as a whole supports a finding of abuse" (Matter of Christina F., 74 NY2d 532, 536 [internal quotation marks omitted]).
Here, ACS demonstrated, by a preponderance of the evidence, that the appellant sexually abused Evelyn T. (see Family Ct Act §§ 1012[e][iii]; 1046[b][i]; Penal Law § 130.52). Contrary to the appellant's contention, the Family Court properly found him to be a person legally responsible for the care of Evelyn T. within the meaning of the Family Court Act (see Family Ct Act § 1012[g]; Matter of Trenasia J. [Frank J.], 25 NY3d 1001, 1004-1006). Additionally, the court providently exercised its discretion in drawing a negative inference against the appellant for his failure to testify on his own behalf (see Matter of Joshua T. [Kenisha T.], 196 AD3d 491, 492).
Contrary to the appellant's further contention, the Family Court's finding that the appellant derivatively abused the other two subject children was supported by a preponderance of the evidence. "[P]roof of the abuse or neglect of one child shall be admissible evidence on the issue of the abuse or neglect of any other child of, or the legal responsibility of, the respondent" (Family Ct Act § 1046[a][i]). The focus of the inquiry with respect to derivative findings is whether the evidence of abuse or neglect of another child or children demonstrates such an impaired level of parental judgment as to create a substantial risk of harm for the other child or children in the parent's care (see Matter of Marino S., 100 NY2d 361, 374; Matter of Kristina I. [Al Quran F.], 163 AD3d 565, 567). Here, the evidence adduced at the fact-finding hearing demonstrated, by a preponderance of the evidence, a fundamental defect in the appellant's understanding of the duties of a person with legal responsibility for the care of children and such an impaired level of judgment as to create a substantial risk of harm for any child in his care (see Matter of Taurice M. [Gregory A.], 147 AD3d 844, 845).
The appellant's remaining contentions are without merit.
CONNOLLY, J.P., CHAMBERS, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court