Matter of Serenity R. (Truman C.) (2023 NY Slip Op 02009)

Matter of Serenity R. (Truman C.)

2023 NY Slip Op 02009

Decided on April 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
WILLIAM G. FORD
LILLIAN WAN, JJ.

2021-07706
2022-03307
 (Docket Nos. N-4429-19, N-5520-20)

[*1]In the Matter of Serenity R. (Anonymous). Administration for Children's Services, petitioner-respondent; Truman C. (Anonymous), appellant, et al., respondent. (Proceeding No. 1)
In the Matter of Lorenzo C. (Anonymous). Administration for Children's Services, petitioner-respondent; Truman C. (Anonymous), appellant, et al., respondent. (Proceeding No. 2)

Christine Theodore, Spring Valley, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Jamison Davies and D. Alan Rosinus, Jr., of counsel), for petitioner-respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Amy Hausknecht of counsel), attorney for the child Serenity R.
Marion C. Perry, New York, NY, attorney for the child Lorenzo C.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, Truman C. appeals from (1) an order of fact-finding of the Family Court, Kings County (Ben Darvil, Jr., J.), dated September 22, 2021, and (2) an amended order of disposition of the same court dated April 6, 2022. The order of fact-finding, after a fact-finding hearing, found that Truman C. abused the child Serenity R. and derivatively neglected the child Lorenzo C. The amended order of disposition, upon the order of fact-finding and after a dispositional hearing, inter alia, released the child Lorenzo C. to the custody of his mother, placed Truman C. under the supervision of the Administration for Children's Services until December 6, 2022, and directed Truman C. to comply with an order of protection of the same court also dated April 6, 2022.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as that order was superseded by the amended order of disposition and is brought up for review on the appeal from the amended order of disposition; and it is further,
ORDERED that the appeal from so much of the amended order of disposition as placed Truman C. under the supervision of the Administration for Children's Services until [*2]December 6, 2022, is dismissed as academic, without costs or disbursements, as the period of supervision has expired; and it is further,
ORDERED that the amended order of disposition is affirmed insofar as reviewed, without costs or disbursements.
The petitioner, the Administration for Children's Services, commenced these related proceedings pursuant to Family Court Act article 10, alleging, inter alia, that the appellant abused the child Serenity R. by committing sex offenses against her and derivatively neglected the child Lorenzo C. After a fact-finding hearing, the Family Court found that the petitioner established, by a preponderance of the evidence, that the appellant abused Serenity R. and derivatively neglected Lorenzo C. The court issued an amended order of disposition dated April 6, 2022, among other things, releasing Lorenzo C. to the custody of his mother, placing the appellant under the supervision of the petitioner until December 6, 2022, and directing the appellant to comply with an order of protection that the court issued in favor of Serenity R. until she reaches 18 years of age. This appeal ensued.
The appeal from so much of the amended order of disposition as placed the appellant under the supervision of the petitioner until December 6, 2022, has been rendered academic, since the period of supervision has expired by its own terms (see Matter of Aliyah T. [Jaivon T.], 174 AD3d 722, 723; Matter of Tayleese M.C. [Tunisha H.], 127 AD3d 1077, 1077). However, since the adjudication of abuse and neglect constitutes a permanent and significant stigma that might indirectly affect the appellant's status in future proceedings, the appeal from so much of the amended order of disposition as brings up for review the findings of abuse and neglect is not academic (see Matter of Aliyah T. [Jaivon T.], 174 AD3d at 723; Matter of Tayleese M.C. [Tunisha H.], 127 AD3d at 1077-1078).
Contrary to the appellant's contention, the Family Court correctly found that he was a person legally responsible for Serenity R. "Child protective proceedings encompass only abuse or neglect by a person who is a parent or other person legally responsible for the child's care" (Matter of Jonah B. [Riva V.], 165 AD3d 790, 791; see Family Ct Act § 1012[g]; Matter of Kaliia F. [Jason F.], 148 AD3d 805, 806). A person legally responsible is defined as "the child's custodian, guardian, [or] any other person responsible for the child's care at the relevant time" (Family Ct Act § 1012[g]). "A person is a proper respondent in [a Family Court Act] article 10 proceeding as an other person legally responsible for the child's care if that person acts as the functional equivalent of a parent in a familial or household setting" (Matter of Yolanda D., 88 NY2d 790, 796 [internal quotation marks omitted]). "Determining whether a particular person has acted as the functional equivalent of a parent is a discretionary, fact-intensive inquiry which will vary according to the particular circumstances of each case. Factors such as the frequency and nature of the contact between the child and respondent, the nature and extent of the control exercised by the respondent over the child's environment, the duration of the respondent's contact with the child, and the respondent's relationship to the child's parent[s] are some of the variables which should be considered and weighed by a court" (id. at 796). "The definition expressly encompasses paramours who regularly participate in the family setting and who therefore share to some degree in the supervisory responsibility for the children" (Matter of Gary J. [Engerys J.], 154 AD3d 939, 941 [internal quotation marks omitted]). Here, Serenity R.'s credible testimony established that the appellant, who was the boyfriend of Serenity R.'s mother, lived in the same home as her for two months prior to the sexual abuse, and would assist in watching her and cooking for her.
Moreover, the evidence adduced at the fact-finding hearing was sufficient to prove, by a preponderance of the evidence, that the appellant sexually abused Serenity R. (see Matter of Vered L. [Yoshi S.], 205 AD3d 1028, 1030; Matter of Ariana M. [Edward M.], 179 AD3d 923, 924). Contrary to the appellant's contention, the Family Court's credibility determinations are supported by the record and will not be disturbed on appeal (see Matter of Amberlyn H.P. [Jose H.C.], 187 AD3d 920, 921; Matter of Adebayo J. [Eniola J.], 176 AD3d 1209, 1211).
Further, the Family Court correctly concluded that the appellant derivatively neglected [*3]Lorenzo C. "Where a person's conduct toward one child demonstrates a fundamental defect in the parent's understanding of the duties of parenthood, or demonstrates such an impaired level of parental judgment as to create a substantial risk of harm for any child in his or her care, an adjudication of derivative neglect with respect to the other children is warranted" (Matter of Iris G. [Angel G.], 144 AD3d 908, 908 [citations omitted]; see Matter of Amaris A.A. [Jasmine R.], 210 AD3d 1077, 1079). "In determining whether a child born after the underlying acts of abuse should be adjudicated derivatively neglected, the 'determinative factor is whether, taking into account the nature of the conduct and any other pertinent considerations, the conduct which formed the basis for a finding of abuse or neglect as to one child is so proximate in time to the derivative proceeding that it can reasonably be concluded that the condition still exists'" (Matter of Iris G. [Angel G.], 144 AD3d at 908, quoting Matter of Elijah O. [Marilyn O.], 83 AD3d 1076, 1077). Contrary to the appellant's contention, the court correctly determined that, given the seriousness of his conduct in sexually abusing Serenity R., the risk to Lorenzo C. remained despite the fact that approximately two years had passed between the sexual abuse of Serenity R. and the birth of Lorenzo C. (see Matter of Iryanna I. [Benjamin K.], 132 AD3d 1096, 1097-1098; Matter of Harmony M.E. [Andre C.], 121 AD3d 677, 680-681; Matter of Paige WW. [Charles XX.], 71 AD3d 1200, 1203-1204; Matter of Ahmad H., 46 AD3d 1357, 1357-1358).
The appellant's remaining contentions are either unpreserved for appellate review, and, in any event, without merit, or without merit.
BARROS, J.P., IANNACCI, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court