Matter of Tony C. (Kristine S.) (2024 NY Slip Op 02189)

Matter of Tony C. (Kristine S.)

2024 NY Slip Op 02189

Decided on April 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2022-06906
 (Docket Nos. N-25563-18, N-25564-18)

[*1]In the Matter of Tony C. (Anonymous). Administration for Children's Services, petitioner- respondent; Kristine S. (Anonymous), respondent, Jadiel L. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Gina C. (Anonymous). Administration for Children's Services, petitioner- respondent; Kristine S. (Anonymous), respondent, Jadiel L. (Anonymous), appellant. (Proceeding No. 2) 

Lisa A. Manfro, Glen Cove, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Deborah A. Brenner and Hannah J. Sarokin of counsel), for petitioner-respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Marcia Egger of counsel), attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, Jadiel L. appeals from an order of disposition of the Family Court, Kings County (Melody Glover, J.), dated July 29, 2022. The order of disposition, upon an order of fact-finding of the same court dated July 12, 2022, made after a fact-finding hearing, finding that Jadiel L. sexually abused the child Gina C. and derivatively abused the child Tony C., and upon the consent of Jadiel L., inter alia, directed Jadiel L. to comply with the terms of two orders of protection of the same court, both dated July 29, 2022, placed Jadiel L. under the supervision of the petitioner for a period of six months, and directed Jadiel L. to complete a sex offender treatment program or engage in treatment with a therapist qualified in sex offender treatment and/or cognitive behavioral therapy.
ORDERED that the appeal from so much of the order of disposition as, upon the consent of Jadiel L., directed Jadiel L. to comply with the terms of two orders of protection, both dated July 29, 2022, placed Jadiel L. under the supervision of the petitioner for a period of six months, and directed Jadiel L. to complete a sex offender treatment program or engage in treatment with a therapist qualified in sex offender treatment and/or cognitive behavioral therapy is dismissed, without costs or disbursements; and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
In October 2018, the Administration for Children's Services (hereinafter ACS) commenced these related child protective proceedings against, among others, the appellant, alleging, inter alia, that he sexually abused his girlfriend's then 10-year-old daughter (hereinafter the female child), and derivatively abused his girlfriend's then 8-year-old son (hereinafter the male child). After a fact-finding hearing, the Family Court determined that the appellant was a person legally responsible for the children's care, and in an order of fact-finding dated July 12, 2022, found that the appellant sexually abused the female child and derivatively abused the male child. Thereafter, in an order of disposition dated July 29, 2022, the court, upon the appellant's consent, inter alia, directed the appellant to comply with the terms of two orders of protection, both dated July 29, 2022, placed him under the supervision of ACS for a period of six months, and directed him to complete a sex offender treatment program or engage in treatment with a therapist qualified in sex offender treatment and/or cognitive behavioral therapy. This appeal from the order of disposition ensued.
The appeal from so much of the order of disposition as, upon the appellant's consent, directed the appellant to comply with the terms of two orders of protection, both dated July 29, 2022, placed the appellant under the supervision of ACS for a period of six months, and directed the appellant to complete a sex offender treatment program or engage in treatment with a therapist qualified in sex offender treatment and/or cognitive behavioral therapy must be dismissed, as no appeal lies from an order entered upon the consent of the appealing party (see Matter of Eunice D. [James F.D.], 111 AD3d 627, 628). However, the appeal from so much of the order of disposition as brings up for review the findings in the order of fact-finding that the appellant sexually abused the female child and derivatively abused the male child "is properly before this Court as [the appellant's] timely appeal from the order of disposition 'brings up for review all non-final orders that affected'" the order of disposition (Matter of Timothy L. [Timothy L.], 221 AD3d 1006, quoting Matter of Aiden XX. [Jesse XX.], 104 AD3d 1094, 1095 n 3).
Family Court Act § 1012(a) grants the Family Court jurisdiction over "any parent or other person legally responsible for the child's care who is alleged to have abused or neglected such child." "A person is a proper respondent in [a Family Court Act] article 10 proceeding as an 'other person legally responsible for the child's care' if that person acts as the functional equivalent of a parent in a familial or household setting" (Matter of Yolanda D., 88 NY2d 790, 796; see Matter of Serenity R. [Truman C.], 215 AD3d 854, 856). "Determining whether a particular person has acted as the functional equivalent of a parent is a discretionary, fact-intensive inquiry which will vary according to the particular circumstances of each case. Factors such as the frequency and nature of the contact between the child and respondent, the nature and extent of the control exercised by the respondent over the child's environment, the duration of the respondent's contact with the child, and the respondent's relationship to the child's parent[s] are some of the variables which should be considered and weighed by a court" (Matter of Serenity R. [Truman C.], 215 AD3d at 856 [internal quotation marks omitted]; see Matter of Marjorie P. [Gerardo M.P.], 221 AD3d 818, 820).
Here, the evidence adduced at the fact-finding hearing, including the appellant's own testimony, demonstrated that he was the mother's paramour from late 2014 until 2018, went to the children's home daily, spent the night at the children's home once or twice a week, took the children to and from school, assisted them with homework, and occasionally assisted financially. In addition, the evidence demonstrated that the appellant exercised control over the children's environment during the relevant period by freely accessing the children's home on a regular basis while caring for them when the mother was not at home. Moreover, the appellant testified that, at one point, the children called him daddy, he saw the children as "[his] own kids," and the children gave him presents for Father's Day. Therefore, the Family Court's determination that the appellant was a person legally responsible for the children was supported by a preponderance of the evidence.
"At a fact-finding hearing in a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing, by a preponderance of the evidence, that the subject child has been abused or neglected" (Matter of Ciniya P. [Omar S.W.], 217 AD3d 954, 955; see Family Ct Act § 1046[b][i]; Matter of Vered L. [Yoshi S.], 205 AD3d 1028, 1029). "Unsworn out-of-court statements of the victim may be received and, if properly corroborated, will support a finding of abuse or neglect" (Matter of Nicole V., 71 NY2d 112, 117-118; see Family Ct [*2]Act § 1046[a][vi]; Matter of Jada W. [Fanatay W.], 219 AD3d 732, 738). Family Court Act § 1046(a)(vi) "states a broad flexible rule providing that out-of-court statements may be corroborated by '[a]ny other evidence tending to support' their reliability" (Matter of Nicole V., 71 NY2d at 118, quoting Family Ct Act § 1046[a][vi]; see Matter of Omnamm L. [Kumar L.], 177 AD3d 973, 975). "Family Court Judges presented with the issue have considerable discretion to decide whether the child's out-of-court statements describing incidents of abuse or neglect have, in fact, been reliably corroborated" (Matter of Nicole V., 71 NY2d at 119; see Matter of Kashai E. [Kashif R.E.], 218 AD3d 574, 575-576). "Moreover, where the Family Court is primarily confronted with issues of credibility, its factual findings must be accorded considerable deference on appeal" (Matter of Ashley G. [Eggar T.], 163 AD3d 963, 965; see Matter of Kaley G. [William G.], 214 AD3d 869, 870).
Here, contrary to the appellant's contention, ACS demonstrated by a preponderance of the evidence that the appellant sexually abused the female child. The out-of-court statements of the female child that the appellant put his penis in her mouth were corroborated by the out-of-court statements of the male child and the mother's testimony confirming certain events (see Matter of Omnamm L. [Kumar L.], 177 AD3d at 975; Matter of Antonio T. [Franklin T.], 169 AD3d 699, 700).
The Family Court's finding that the appellant derivatively abused the male child was also supported by a preponderance of the evidence. "[P]roof of the abuse or neglect of one child shall be admissible evidence on the issue of the abuse or neglect of any other child of, or the legal responsibility of, the respondent" (Family Ct Act § 1046[a][i]; see Matter of Kaley G. [William G.], 214 AD3d at 871). Here, the evidence adduced at the fact-finding hearing that the appellant sexually abused the female child in the presence of the male child demonstrated, by a preponderance of the evidence, a fundamental defect in the appellant's understanding of the duties of a person with legal responsibility for the care of the male child and such an impaired level of judgment as to create a substantial risk of harm to the male child, who was in the appellant's care (see Matter of Kaley G. [William G.], 214 AD3d at 871).
The appellant's remaining contentions are unpreserved for appellate review, and, in any event, without merit.
IANNACCI, J.P., CHRISTOPHER, GENOVESI and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court