Matter of Oscar P. (Romulo M.) (2024 NY Slip Op 04773)

Matter of Oscar P. (Romulo M.)

2024 NY Slip Op 04773

Decided on October 2, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2023-06487
2023-06490
 (Docket Nos. N-5350-21, N-5351-21, N-5352-21)

[*1]In the Matter of Oscar P. (Anonymous). Administration for Children's Services, respondent; 
and
Romulo M. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Leah P. (Anonymous). Administration for Children's Services, respondent; Romulo M. (Anonymous), appellant. (Proceeding No. 2)
In the Matter of Adrianna G. (Anonymous). Administration for Children's Services, respondent; Romulo M. (Anonymous), appellant. (Proceeding No. 3)

Lewis S. Calderon, Jamaica, NY, for appellant.
Muriel Goode-Trufant, Acting Corporation Counsel, New York, NY (Jane L. Gordon and Elizabeth I. Freedman of counsel), for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Diane Pazar of counsel), attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, Romulo M. appeals from (1) an order of fact-finding of the Family Court, Queens County (Joan L. Piccirillo, J.), dated June 1, 2023, and (2) an order of disposition of the same court dated July 5, 2023. The order of fact-finding, after a fact-finding hearing, found that Romulo M. sexually abused the child Adrianna G. and derivatively abused the children Oscar P. and Leah P. The order of disposition, upon the order of fact-finding and after a dispositional hearing, inter alia, directed Romulo M. to comply with the terms of an order of protection of the same court dated July 5, 2023, and to complete a sex offender treatment program.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the order of fact-finding was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the order of disposition is affirmed, without costs or disbursements.
In July 2021, the Administration for Children's Services (hereinafter ACS) commenced these proceedings pursuant to Family Court Act article 10, alleging that Romulo M. (hereinafter the appellant) sexually abused the child Adrianna G. and derivatively abused the children Oscar P. and Leah P. Following a fact-finding hearing, the Family Court found that the appellant was a person legally responsible for the care of the subject children, who are his stepgrandchildren, that he sexually abused the child Adrianna G., and that he derivatively abused the children Oscar P. and Leah P. After a dispositional hearing, the court, inter alia, directed the appellant to complete a sex offender treatment program and to comply with an order of protection in favor of the children and against him.
"'At a fact-finding hearing in a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing, by a preponderance of the evidence, that the subject child has been abused or neglected'" (Matter of Tony C. [Kristine S.—Jadiel L.], 226 AD3d 1008, 1010, quoting Matter of Ciniya P. [Omar S.W.], 217 AD3d 954, 955; see Family Ct Act § 1046[b][i]; Matter of Katherine L. [Adrian L.], 209 AD3d 737, 739). "'Unsworn out-of-court statements of the victim may be received and, if properly corroborated, will support a finding of abuse or neglect'" (Matter of Tony C. [Kristine S.—Jadiel L.], 226 AD3d at 1010-1011, quoting Matter of Nicole V., 71 NY2d 112, 117-118; see Matter of Janiyah S. [Pedro H.], 226 AD3d 909, 911). "In Family Court Act article 10 proceedings, the Family Court has 'considerable discretion to decide whether the child's out-of-court statements describing incidents of abuse or neglect have, in fact, been reliably corroborated and whether the record as a whole supports a finding of abuse'" (Matter of Kaley G. [William G.], 214 AD3d 869, 870-871, quoting Matter of Christina F., 74 NY2d 532, 536). "'[A]lthough the mere repetition of an accusation does not, by itself, provide sufficient corroboration, some degree of corroboration can be found in the consistency of the out-of-court repetitions'" (Matter of Osher W. [Moshe W.], 198 AD3d 904, 907, quoting Matter of Lily BB. [Stephen BB.], 191 AD3d 1126, 1127).
Here, the Family Court's finding that the appellant sexually abused the child Adrianna G. is supported by a preponderance of the evidence. Adrianna G.'s out-of-court statements to a mental health professional, her mother, and an ACS caseworker were consistent and detailed about the appellant's sexual abuse of her. In addition, Adrianna G.'s statements were further corroborated by her mother's testimony recounting Adrianna G.'s changed demeanor after the abuse occurred, and the testimony of Adrianna G.'s treating mental health professional that Adrianna G. displayed behaviors consistent with sexual abuse (see Matter of Jada W. [Fanatay W.], 219 AD3d 732, 740; Matter of Osher W. [Moshe W.], 198 AD3d at 907; Matter of Amberlyn H.P. [Jose H.C.], 187 AD3d 920, 921; Matter of Tazya B. [Curtis B.], 180 AD3d 1039, 1040). The appellant's contention that he was not a person legally responsible for the children is without merit (see Matter of Ariah L. [Jascinta F.], 198 AD3d 647, 648).
MILLER, J.P., WOOTEN, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court