Matter of Cherli Q. (Mauricio C.) (2024 NY Slip Op 04966)

Matter of Cherli Q. (Mauricio C.)

2024 NY Slip Op 04966

Decided on October 9, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
LOURDES M. VENTURA, JJ.

2023-08102
2023-08103
 (Docket Nos. N-1918-19, N-1919-19)

[*1]In the Matter of Cherli Q. (Anonymous). Administration for Children's Services, respondent; Mauricio C. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Alejandro C. (Anonymous). Administration for Children's Services, respondent; Mauricio C. (Anonymous), appellant. (Proceeding No. 2)

Heath J. Goldstein, Jamaica, NY, for appellant.
Muriel Goode-Trufant, Acting Corporation Counsel, New York, NY (MacKenzie Fillow and Tahirih M. Sadrieh of counsel), for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Andrew T. Ford of counsel), attorney for the child Cherli Q.
Cheryl Charles Duval, Brooklyn, NY, attorney for the child Alejandro C.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, Mauricio C. appeals from (1) an order of fact-finding of the Family Court, Kings County (Alicea Elloras-Ally, J.), dated November 21, 2022, and (2) an order of disposition of the same court dated August 8, 2023. The order of fact-finding, after a fact-finding hearing, found that Mauricio C. abused the child Cherli Q. and derivatively neglected the child Alejandro C. The order of disposition, upon the order of fact-finding and after a dispositional hearing, released the child Alejandro C. to the custody of the nonrespondent mother with supervision by the petitioner for a period of three months, and directed Mauricio C. to comply with certain conditions.
ORDERED that the appeal from so much of the order of fact-finding as found that Mauricio C. derivatively neglected Alejandro C. is dismissed, without costs or disbursements, as that portion of the order of fact-finding was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the order of fact-finding is affirmed insofar as reviewed, without costs or disbursements; and it is further,
ORDERED that the appeal from so much of the order of disposition as released the [*2]child Alejandro C. to the custody of the nonrespondent mother with supervision by the petitioner for a period of three months is dismissed as academic, without costs or disbursements, as the period of supervision has expired; and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
The petitioner, the Administration for Children's Services (hereinafter ACS), commenced these proceedings pursuant to Family Court Act article 10, alleging, inter alia, that the appellant sexually abused the child Cherli Q. and derivatively neglected the child Alejandro C. After a fact-finding hearing, the Family Court found that the appellant abused Cherli Q. and derivatively neglected Alejandro C. After a dispositional hearing, the court released Alejandro C. to the custody of the nonrespondent mother with supervision by ACS for a period of three months, and directed the appellant to comply with certain conditions. These appeals ensued.
The appeal from so much of the order of disposition as released Alejandro C. to the custody of the nonrespondent mother with supervision by ACS for a period of three months has been rendered academic, since the period of supervision has expired by its own terms (see Matter of Serenity R. [Truman C.], 215 AD3d 854, 856; Matter of Aliyah T. [Jaivon T.], 174 AD3d 722, 723). However, since the adjudication of derivative neglect constitutes a permanent and significant stigma that might indirectly affect the appellant's status in future proceedings, the appeal from so much of the order of disposition as brings up for review the finding of derivative neglect is not academic (see Matter of Serenity R. [Truman C.], 215 AD3d at 855-856).
Contrary to the appellant's contention, the evidence adduced at the fact-finding hearing was sufficient to prove, by a preponderance of the evidence, that the appellant sexually abused Cherli Q. (see id. at 856-857; Matter of Destiny R. [Rene G.], 212 AD3d 629, 631). The Family Court's credibility determinations are supported by the record and will not be disturbed on appeal (see Matter of Serenity R. [Truman C.], 215 AD3d at 857; Matter of Adebayo J. [Eniola J.], 176 AD3d 1209, 1211).
Further, the Family Court correctly concluded that the appellant derivatively neglected Alejandro C. "Where a person's conduct toward one child demonstrates a fundamental defect in the parent's understanding of the duties of parenthood, or demonstrates such an impaired level of parental judgment as to create a substantial risk of harm for any child in his or her care, an adjudication of derivative neglect with respect to the other children is warranted" (Matter of Serenity R. [Truman C.], 215 AD3d at 857 [internal quotation marks omitted]; see Matter of Anthony M.-B. [Anthony B.], 208 AD3d 1327, 1328-1329). Contrary to the appellant's contention, the court correctly found that, given the seriousness of his conduct in sexually abusing Cherli Q., the risk to Alejandro C. remained (see Matter of Serenity R. [Truman C.], 215 AD3d at 857; Matter of Anthony M.-B. [Anthony B.], 208 AD3d at 1329).
The appellant's remaining contentions are without merit.
DUFFY, J.P., MILLER, CHRISTOPHER and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court