Matter of Vered L. (Yoshi S.) (2022 NY Slip Op 03389)





Matter of Vered L. (Yoshi S.)


2022 NY Slip Op 03389


Decided on May 25, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 25, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER
JOSEPH A. ZAYAS, JJ.


2021-01933
 (Docket Nos. N-32354-15, N-32355-15, N-32356-15, N-32357-15)

[*1]In the Matter of Vered L. (Anonymous). Administration for Children's Services, respondent; Yoshi S. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of Eliyahu L. (Anonymous). Administration for Children's Services, respondent; Yoshi S. (Anonymous), appellant. (Proceeding No. 2.)
In the Matter of Joyce L. (Anonymous). Administration for Children's Services, respondent; Yoshi S. (Anonymous), appellant. (Proceeding No. 3.)
In the Matter of Rashelle L. (Anonymous). Administration for Children's Services, respondent; Yoshi S. (Anonymous), appellant. (Proceeding No. 4.)


Steven Gilden, P.C., Garden City, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Daniel Matza-Brown and Deborah E. Wassel of counsel), for respondent.
Justine Luongo, Attorney-in-Charge of the Criminal Defense Practice, New York, NY (Dawne A. Mitchell and Amy Hausknecht of counsel), attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the father appeals from an order of disposition of the Family Court, Kings County (Alicea Elloras-Ally, J.), dated December 22, 2020. The order of disposition, upon an order of fact-finding of the same court dated October 22, 2020, made after a fact-finding hearing, finding that the father abused the child Eliyahu L. and derivatively abused the children Vered L., Joyce L., and Rashelle L., and after a dispositional hearing, inter alia, released the children to the custody of the nonrespondent mother.
ORDERED that the order of disposition is affirmed, without costs or disbursements.
The Administration for Children's Services (hereinafter the petitioner) commenced these related proceedings pursuant to Family Court Act article 10, alleging, inter alia, that the father [*2]abused the five-year-old child Eliyahu L. (hereinafter the subject child) by committing sex offenses against him and allowing sex offenses to be committed against him, and derivatively abused the children Vered L., Joyce L., and Rashelle L. After a fact-finding hearing, the Family Court found, among other things, that the petitioner established by a preponderance of the evidence that the father abused the subject child and derivatively abused the other three children. The court subsequently issued a dispositional order dated December 22, 2020, from which the father appeals.
At a fact-finding hearing in a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing, by a preponderance of the evidence, that the subject child has been abused or neglected (see id. § 1046[b][i]; Matter of Ariana M. [Edward M.], 179 AD3d 923, 924). The Family Court Act defines an abused child as, inter alia, a child whose parent commits against him or her a sex offense as defined in article 130 of the Penal Law, or allows such an offense to be committed against the child (see Family Ct Act § 1012[e][iii][A]). A person is guilty of forcible touching when he or she "intentionally, and for no legitimate purpose," "forcibly touches the sexual . . . parts of another person . . . for the purpose of gratifying the actor's sexual desire" (Penal Law § 130.52[1]). A person is guilty of sexual abuse in the second degree when he or she subjects another person who is less than 14 years old to "sexual contact" (id. § 130.60[2]). "Sexual contact" is defined as "any touching of the sexual or other intimate parts of a person for the purpose of gratifying sexual desire of either party" (id. § 130.00[3]). The intent to receive sexual gratification "may be inferred from the nature of the acts committed and the circumstances in which they occurred" (Matter of Shaquan A. [Fan Fan A.], 137 AD3d 1119, 1120).
Here, the evidence adduced at the fact-finding hearing was sufficient to prove, by a preponderance of the evidence, that the father abused the subject child by committing acts constituting sexual abuse in the second degree and forcible touching against the subject child, and allowing others to commit those offenses against the subject child. Furthermore, the evidence adduced at the fact-finding hearing demonstrated, by a preponderance of the evidence, a fundamental defect in the father's understanding of his duties as a parent and such an impaired level of judgment on his part as to create a substantial risk of harm for any child in his care, and thus, the Family Court properly found that the father derivatively abused the other three children (see Matter of Osher W. [Moshe W.], 198 AD3d 904, 907; Matter of Cashmere T. [Andrew S.], 161 AD3d 1177, 1179).
BARROS, J.P., BRATHWAITE NELSON, MILLER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court