Matter of Ciniya P. (Omar S. W.) (2023 NY Slip Op 03467)

Matter of Ciniya P. (Omar S. W.)

2023 NY Slip Op 03467

Decided on June 28, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2021-08768
 (Docket Nos. N-4080-19, N-4081-19, N-4082-19)

[*1]In the Matter of Ciniya P. (Anonymous). Administration for Children's Services, respondent; Omar S. W. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Omarcus S. W. (Anonymous). Administration for Children's Services, respondent; Omar S. W. (Anonymous), appellant. (Proceeding No. 2)
In the Matter of Kiara F. (Anonymous). Administration for Children's Services, petitioner; Omar S. W. (Anonymous), respondent. (Proceeding No. 3)

Tammi D. Pere, Jamaica, NY, for appellant.
Sylvia O. Hinds Radix, Corporation Counsel, New York, NY (Susan Paulson of counsel; Nolan Daniels on the brief), for respondent in Proceeding Nos. 1 and 2.
Twyla Carter, New York, NY (Dawne A. Mitchell and Susan Clement of counsel), attorney for the children Ciniya P. and Kiara F.
Heidi Luna, Jamaica, NY, attorney for the child Omarcus S. W.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, Omar S. W. appeals from an order of fact-finding and disposition of the Family Court, Queens County (Monica D. Shulman, J.), dated November 4, 2021. The order of fact-finding and disposition, insofar as appealed from, after a fact-finding hearing, determined that Omar S. W. abused the child Ciniya P. and derivatively abused the child Omarcus S. W.
ORDERED that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
Contrary to the appellant's contention, the Family Court correctly determined that Ciniya P. was an abused child. At a fact-finding hearing in a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing, by a preponderance of the evidence, that the subject child has been abused or neglected (see id. § 1046[b][i]; Matter of Vered L. [Yoshi S.], 205 AD3d 1028, 1029; Matter of Ariana M. [Edward M.], 179 AD3d 923, 924). "The Family Court Act defines an abused child as, inter alia, a child whose parent commits against [*2]him or her a sex offense as defined in article 130 of the Penal Law, or allows such an offense to be committed against the child" (Matter of Vered L. [Yoshi S.], 205 AD3d at 1029; see Family Ct Act § 1012[e][iii][A]). Here, Ciniya P.'s testimony detailing an instance of sexual abuse was sufficient to support a finding of abuse (see Matter of Skye H. [Tianna S.], 195 AD3d 711, 714; Matter of Mayra C. [Adan C.], 163 AD3d 808, 810; Matter of Lauryn H. [William A.], 73 AD3d 1175, 1176-1177). "Although Family Court Act § 1046(a)(vi) provides that a child's out-of-court statements are insufficient to support a finding of abuse unless corroborated, here the subject child testified under oath at the fact-finding hearing" (Matter of Alexander C., 30 AD3d 593, 594).
Further, the Family Court properly concluded that the child Omarcus S. W. was derivatively abused. Where a person's conduct toward one child demonstrates a fundamental defect in the parent's understanding of the duties of parenthood, or demonstrates such an impaired level of parental judgment as to create a substantial risk of harm for any child in his or her care, an adjudication of derivative abuse with respect to the other children is warranted (see Matter of Jose E. [Jose M.], 176 AD3d 1201, 1203; Matter of Amirah L. [Candice J.], 118 AD3d 795, 796). "Such flawed notions of parental responsibility are generally reliable indicators that a parent who has abused one child will place his or her other children at substantial risk of harm" (Matter of M.W. [Mohammad W.], 172 AD3d 879, 881 [internal quotation marks omitted]). Here, a derivative finding of abuse as to Omarcus S. W. was warranted since the respondent committed acts of sexual abuse against Ciniya P. while Omarcus S. W. was in the home (see Matter of Madeleine B. [Peter B.], 198 AD3d 641, 643; Matter of Mayra C. [Adan C.], 163 AD3d at 810; Matter of Monica C.M. [Arnold A.], 107 AD3d 996, 997; Matter of Ian H. [Kenneth H.], 42 AD3d 701, 704).
BARROS, J.P., WOOTEN, FORD and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court