Matter of Marjorie P. (Gerardo M. P.) (2023 NY Slip Op 05734)

Matter of Marjorie P. (Gerardo M. P.)

2023 NY Slip Op 05734

Decided on November 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2022-06076
 (Docket Nos. N-772-21, N-773-21, N-774-21, N-775-21)

[*1]In the Matter of Marjorie P. (Anonymous). Administration for Children's Services, appellant; Gerardo M. P. (Anonymous), respondent. (Proceeding No. 1.)
In the Matter of Hilary P. (Anonymous). Administration for Children's Services, appellant; Gerardo M. P. (Anonymous), respondent. (Proceeding No. 2.)
In the Matter of Gerardo M. P. (Anonymous), Jr. Administration for Children's Services, appellant; Gerardo M. P. (Anonymous), respondent. (Proceeding No. 3.)
In the Matter of Yasmin P. (Anonymous). Administration for Children's Services, appellant; Gerardo M. P. (Anonymous), respondent. (Proceeding No. 4.)

Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Jamison Davies, Deborah E. Wassel, and Melanie T. West of counsel), for appellant.
Brooklyn Defender Services, Brooklyn, NY (Jeffrey Blank and Amy Mulzer of counsel), for respondent.
Twyla Carter, New York, NY (Dawne Mitchell, Marcia Egger, and Dena Kesselman of counsel), attorney for the children Marjorie P., Hilary P., and Yasmin P.
Marion C. Perry, New York, NY, attorney for the child Gerardo M. P., Jr.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the petitioner appeals from an order of the Family Court, Kings County (Alicea Elloras-Ally, J.), dated July 15, 2022. The order, after a fact-finding hearing, and upon a finding that the respondent was not a person legally responsible for the children Yasmin P., Hilary P., and Marjorie P., dismissed the petitions alleging that the respondent abused the children Yasmin P. and Hilary P. and derivatively abused the children Marjorie P. and Gerardo M. P., Jr.
ORDERED that the order is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting the provision thereof finding that the respondent was not a person legally responsible for the children Yasmin P. and Hilary P., and substituting therefor a provision finding that the respondent was a person legally responsible for the children Yasmin P. and Hilary P., and (2) by deleting the provision thereof dismissing those petitions alleging that the respondent abused the children Yasmin P. and Hilary P. and derivatively abused the child Gerardo M. P., Jr., and substituting therefor a provision finding that the respondent abused the children Yasmin P. and Hilary P. and derivatively abused the child Gerardo M. P., Jr.; as so modified, the order is affirmed, without costs or disbursements, those petitions alleging that the respondent abused the children Yasmin P. and Hilary P. and derivatively abused the child Gerardo M. P., Jr., are reinstated, and the matter is remitted to the Family Court, Kings County, for a dispositional hearing and dispositions thereafter.
The petitioner commenced these related proceedings pursuant to Family Court Act article 10, alleging that the respondent sexually abused the children Yasmin P. and Hilary P., and thereby derivatively abused the children Marjorie P. and Gerardo M. P., Jr. Yasmin P., Hilary P., and Marjorie P. are the respondent's biological nieces, and Gerardo M. P., Jr., is the respondent's son. Following a fact-finding hearing, the Family Court found that ACS failed to establish that the respondent was a person legally responsible for Yasmin P., Hilary P., or Marjorie P. The court further found, in effect, that because the petitioner had failed to establish that the respondent was a person legally responsible for Yasmin P. or Hilary P., the petitions alleging that Marjorie P. and Gerardo M. P., Jr., were derivatively abused must be denied. As a result, the court dismissed each of the petitions.
A person legally responsible is defined as "the child's custodian, guardian, [or] any other person responsible for the child's care at the relevant time" (Family Ct Act § 1012[g]). A "[c]ustodian may include any person continually or at regular intervals found in the same household as the child when the conduct of such person causes or contributes to the abuse or neglect of the child" (id.). Thus, subdivision (g) of section 1012 "embod[ies] legislative recognition of the reality that parenting functions are not always performed by a parent but may be discharged by other persons, including custodians, guardians and paramours, who perform caretaking duties commonly associated with parents" (Matter of Yolanda D., 88 NY2d 790, 795; see Matter of Trenasia J. [Frank J.], 25 NY3d 1001, 1004). "A person is a proper respondent in an article 10 proceeding as an other person legally responsible for the child's care if that person acts as the functional equivalent of a parent in a familial or household setting" (Matter of Yolanda D., 88 NY2d at 796 [internal quotation marks omitted]).
"Determining whether a particular person has acted as the functional equivalent of a parent is a discretionary, fact-intensive inquiry which will vary according to the particular circumstances of each case. Factors such as the frequency and nature of the contact between the child and respondent, the nature and extent of the control exercised by the respondent over the child's environment, the duration of the respondent's contact with the child, and the respondent's relationship to the child's parent(s) are some of the variables which should be considered and weighed by a court" (id.; see Matter of Trenasia J. [Frank J.], 25 NY3d at 1004). These factors are not exhaustive, "but merely illustrate some of the salient considerations in making an appropriate determination" (Matter of Yolanda D., 88 NY2d at 796).
Here, the Family Court's finding that the respondent was not a person legally responsible for Yasmin P. and Hilary P. within the meaning of the Family Court Act is not supported by the record (see generally Matter of Trenasia J. [Frank J.], 25 NY3d at 1004; Matter of Yolanda D., 88 NY2d at 797; Matter of Erica H.-J. [Tarel H.-Eric J.], 216 AD3d 954, 956; Matter of Kevin D. [Quran S.S.], 169 AD3d 1034, 1035). Significantly, the respondent, the paternal uncle of Yasmin P. and Hilary P., continually resided in the same apartment with Yasmin P. and Hilary P. for approximately five years. In addition, the respondent's brother testified during the fact-finding hearing that the respondent told him that the respondent considered both the respondent's family and the respondent's brother's family, including Yasmin P. and Hilary P., to be one big family (see Family Ct Act § 1012[g]; cf. Matter of Erica H.-J. [Tarel H.-Eric J.], 216 AD3d at 957). The [*2]respondent also exercised control over Yasmin P.'s and Hilary P.'s environment during the relevant period by freely accessing their bedroom and the common areas of the apartment, including when Yasmin P. and Hilary P. were home and their parents were away at work or running errands, and by controlling Yasmin P. with commands or the promise of gifts. Accordingly, the evidence adduced at the fact-finding hearing established that the respondent was a person legally responsible for Yasmin P. and Hilary P.
By contrast, the Family Court properly found that the respondent was not a person legally responsible for Marjorie P. Marjorie P. lived in the same household as the respondent for only one month when she was a newborn, and no evidence was presented regarding the nature of the respondent's relationship with Marjorie P. during the relevant period.
With respect to the respondent's conduct, the evidence adduced at the fact-finding hearing established by a preponderance of the evidence that the respondent sexually abused Yasmin P. and Hilary P. (see Matter of Tarahji N. [Bryan N.-Divequa C.], 197 AD3d 1317, 1319). Moreover, the respondent does not contest on appeal that the evidence adduced at the hearing established that he sexually abused these children. Nonetheless, "a finding of sexual abuse of one child does not, by itself, establish that other children in the household have been derivatively abused or neglected" (Matter of Mirianne A. [George A.], 214 AD3d 864, 865; cf. Matter of Katherine L. [Adrian L.], 209 AD3d 737, 740). However, conduct which evinces a "fundamental defect" in the respondent's "understanding of his parental duties relating to the care of children" and impaired parental judgment is sufficient to support a finding of derivative abuse (Matter of Angelica M. [Nugene A.], 107 AD3d 803, 804-805; see Matter of Ciniya P. [Omar S.W.], 217 AD3d 954, 955; Matter of Mirianne A. [George A.], 214 AD3d at 865).
Here, "[t]he nature of the direct abuse of" Yasmin P. and Hilary P., "its duration, and the circumstances of its commission, evidence fundamental flaws in" the respondent's "understanding of the duties of parenthood, which require a finding that" Gerardo M. P., Jr., has "been derivatively abused" (Matter of Daniel W., 37 AD3d 842, 843). Notably, Gerardo M. P., Jr., was living in the same apartment as the respondent, Yasmin P., and Hilary P. when the abuse occurred (see Matter of Ciniya P. [Omar S.W.], 217 AD3d at 956). Thus, a finding that the respondent derivatively abused Gerardo M. P., Jr., was warranted.
CONNOLLY, J.P., GENOVESI, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court