Matter of Naima E. (Daryl M.) (2024 NY Slip Op 02703)

Matter of Naima E. (Daryl M.)

2024 NY Slip Op 02703

Decided on May 15, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2023-01201
 (Docket Nos. N-2038-21, N-2039-21, N-2040-21, N-2041-21, N-2042-21)

[*1]In the Matter of Naima E. (Anonymous). Administration for Children's Services, respondent; Daryl M. (Anonymous), Jr., appellant. (Proceeding No. 1)
In the Matter of Malachi M. (Anonymous). Administration for Children's Services, respondent; Daryl M. (Anonymous), Jr., appellant. (Proceeding No. 2)
In the Matter of Michaiah M. (Anonymous). Administration for Children's Services, respondent; Daryl M. (Anonymous), Jr., appellant. (Proceeding No. 3)
In the Matter of Ariel M. (Anonymous). Administration for Children's Services, respondent; Daryl M. (Anonymous), Jr., appellant. (Proceeding No. 4)
In the Matter of Nkhai E. (Anonymous). Administration for Children's Services, respondent; Daryl M. (Anonymous), Jr., appellant. (Proceeding No. 5) 

Jill M. Zuccardy, New York, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Devin Slack and Philip W. Young of counsel; Alexandra Newton on the brief), for respondent.
Ronna L. DeLoe, Larchmont, NY, attorney for the child Naima E.
Elliot Green, Brooklyn, NY, attorney for the children Malachi M. and Michaiah M.
Mark Diamond, Pound Ridge, NY, attorney for the child Ariel M.
David Laniado, Cedarhurst, NY, attorney for the child Nkhai E.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, Daryl M. appeals from an order of fact-finding of the Family Court, Queens County (Peter F. DeLizzo, J.), dated December [*2]8, 2022. The order of fact-finding, insofar as appealed from, after a fact-finding hearing, found that Daryl M. abused the child Naima E. and derivatively abused the children Malachi M., Michaiah M., Ariel M., and Nkhai E.
ORDERED that the order of fact-finding is affirmed insofar as appealed from, without costs or disbursements.
In August 2021, the petitioner commenced these proceedings pursuant to Family Court Act article 10, alleging, inter alia, that Daryl M. sexually abused his stepdaughter, Naima E., and derivatively abused the children Malachi M., Michaiah M., Ariel M., and Nkhai E. In an order of fact-finding dated December 8, 2022, made after a fact-finding hearing, the Family Court, among other things, found that Daryl M. abused Naima E. and derivatively abused the other children. Daryl M. appeals.
"The Family Court Act defines an abused child as, inter alia, a child whose parent commits against him or her a sex offense as defined in article 130 of the Penal Law, or allows such an offense to be committed against the child" (Matter of Ciniya P. [Omar S.W.], 217 AD3d 954, 955 [internal quotation marks omitted]). An abused child's testimony, standing alone, may be sufficient to support a finding of abuse (see e.g. Matter of Jose E. [Jose M.], 176 AD3d 1201, 1202). "Where, as here, there is conflicting testimony and the matter turns upon the assessment of the credibility of witnesses, the factual findings of the hearing court must be accorded great weight" (Matter of Lauryn H. [William A.], 73 AD3d 1175, 1176).
Here, the Family Court's finding that Naima E. was an abused child was supported by a preponderance of the evidence (see Family Ct Act §§ 1012[e][iii]; 1046[b][i]; see also Matter of Vered L. [Yoshi S.], 205 AD3d 1028). The court found that Naima E. and her mother credibly testified, inter alia, to four instances of sexual abuse committed against Naima E. by Daryl M. In addition to the court's firsthand assessment of the witnesses' credibility, the reliability of Naima E.'s testimony was amplified by her recollection of specific details related to the events in question (see Matter of Lauryn H. [William A.], 73 AD3d at 1176).
Further, the Family Court properly found that Malachi M., Michaiah M., Ariel M., and Nkhai E. were derivatively abused. "Where a person's conduct toward one child demonstrates a fundamental defect in the parent's understanding of the duties of parenthood, or demonstrates such an impaired level of parental judgment as to create a substantial risk of harm for any child in his or her care, an adjudication of derivative abuse with respect to the other children is warranted" (Matter of Ciniya P. [Omar S.W.], 217 AD3d at 955). "Such flawed notions of parental responsibility are generally reliable indicators that a parent who has abused one child will place his or her other children at substantial risk of harm" (Matter of M.W. [Mohammad W.], 172 AD3d 879, 881 [internal quotation marks omitted]). Here, Daryl M. demonstrated a fundamental defect in his understanding of the duties of parenthood when he sexually abused Naima E. on three occasions while the other children were present in the home (see Matter of Ciniya P. [Omar S.W.], 217 AD3d at 954; Matter of Isabelle C. [Jarred B.], 179 AD3d 670).
The parties' remaining contentions are without merit.
BARROS, J.P., MALTESE, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court