Matter of Kenyana D. (Kenneth D.) (2024 NY Slip Op 03746)

Matter of Kenyana D. (Kenneth D.)

2024 NY Slip Op 03746

Decided on July 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LILLIAN WAN
CARL J. LANDICINO, JJ.

2023-00190
 (Docket No. N-26898-19)

[*1]In the Matter of Kenyana D. (Anonymous), nonparty- appellant. Administration for Children's Services, petitioner- appellant; Kenneth D. (Anonymous), respondent.

Muriel Goode-Trufant, Acting Corporation Counsel, New York, NY (Susan Paulson and Diana Lawless of counsel), for petitioner-appellant.
Twyla Carter, New York, NY (Dawne A. Mitchell and John A. Newbery of counsel), attorney for the child, the nonparty-appellant.
Steven P. Forbes, Huntington, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the petitioner appeals, and the subject child separately appeals, from an order of the Family Court, Kings County (Ilana Gruebel, J.), dated December 22, 2022. The order, after a reopened fact-finding hearing, dismissed the petition.
ORDERED that the order is reversed, on the law and the facts, without costs or disbursements, the petition is reinstated, a finding is made that the father abused the subject child, and the matter is remitted to the Family Court, Kings County, for a dispositional hearing and a determination thereafter.
The petitioner commenced this proceeding pursuant to Family Court Act article 10, alleging that the father sexually abused the subject child. After a fact-finding hearing, in an order of fact-finding dated May 24, 2022, the Family Court found that the father abused the child. Thereafter, the father moved to vacate the order of fact-finding and to reopen the fact-finding hearing, identifying purportedly newly discovered evidence that the child had allegedly recanted her allegations against him. The court granted the father's motion. After a reopened fact-finding hearing, in an order dated December 22, 2022, the court found, in effect, that the father successfully rebutted the petitioner's prima facie showing of sexual abuse and dismissed the petition. The petitioner and the child separately appeal.
At a fact-finding hearing pursuant to Family Court Act article 10, "the petitioner has the burden of establishing, by a preponderance of the evidence, that the subject child has been abused or neglected" (Matter of Ciniya P. [Omar S.W.], 217 AD3d 954, 955; see Family Ct Act § 1046[b][i]). "The Family Court Act defines an abused child as, inter alia, a child whose parent commits against him or her a sex offense as defined in article 130 of the Penal Law, or allows such an offense to be committed against the child" (Matter of Vered L. [Yoshi S.], 205 AD3d 1028, 1029; [*2]see Family Ct Act § 1012[e][iii][A]). While a child's out-of-court statements are insufficient to support a finding of abuse unless they are corroborated, a child's in-court testimony alone is sufficient to support a finding of abuse (see Family Ct Act § 1046[a][vi]; Matter of Ciniya P. [Omar S.W.], 217 AD3d at 955). "Although deference is to be given to the hearing court's determinations as to credibility, where that court's credibility determination is not supported by the record, 'this Court is free to make its own credibility assessments and overturn the determination of the hearing court'" (Matter of Tazya B. [Curtis B.], 180 AD3d 1039, 1040 [citation omitted], quoting Matter of Serenity S. [Tyesha A.], 89 AD3d 737, 739; see Matter of Bronx S. [Denzel J.], 217 AD3d 956, 957).
Here, the petitioner established by a preponderance of the evidence that the father sexually abused the child. The child's testimony during the fact-finding hearing was consistent and detailed, and any minor inconsistencies "did not render such testimony unworthy of belief" (Matter of Jose E. [Jose M.], 176 AD3d 1201, 1203; see Matter of Lauryn H. [William A.], 73 AD3d 1175, 1176-1177). The child's testimony was sufficient to establish a finding of sexual abuse pursuant to Family Court Act § 1046(b)(i) (see Matter of Naima E. [Daryl M.], ___ AD3d ___, 2024 NY Slip Op 02703 [2d Dept]; Matter of Ciniya P. [Omar S.W.], 217 AD3d at 955).
At the reopened fact-finding hearing, the mother of the father's other children (hereinafter the witness) testified that the child recanted her allegations of abuse. The child did not testify at the reopened fact-finding hearing. "[A] child's recantation of allegations of abuse does not necessarily require [the] Family Court to accept the later statements as true because it is accepted that such a reaction is common among abused children" (Matter of Dayannie I.M. [Roger I.M.], 138 AD3d 747, 749 [internal quotation marks omitted]). "Rather, recantation of a party's initial statement simply creates a credibility issue which the trial court must resolve" (id. [internal quotation marks omitted]). Here, even assuming that the witness's testimony was credible, it was insufficient to warrant dismissal of the petition. The witness testified that she overheard the child telling other children that the child missed the father. After the witness confronted the child, the child told the witness that "she wished that she never lied . . . by saying that [the father] did those things." The witness did not specify what "things" the child was referring to. During cross-examination, the witness testified that immediately after she asked the child "what did she mean by she lied," the child indicated that "she never said that." The witness also testified on cross-examination that she had previously confronted the child about the allegations against the father, and the child told the witness that "she was sure . . . that these things took place." The alleged recantation as described by the witness was vague, and the witness's testimony was insufficient to rebut the finding of abuse (see Matter of Tarahji N. [Bryan N.—Divequa C.], 197 AD3d 1317, 1319; Matter of Brittany K., 308 AD2d 585, 586).
Accordingly, the Family Court's determination, in effect, that the father rebutted the petitioner's prima facie showing of sexual abuse is not supported by the record.
The father's remaining contention is unpreserved for appellate review and, in any event, without merit.
BARROS, J.P., FORD, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court