Matter of Esther R.-M. D. (Carry Q.) (2024 NY Slip Op 05597)

Matter of Esther R.-M. D. (Carry Q.)

2024 NY Slip Op 05597

Decided on November 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2023-05661
 (Docket Nos. N-24477-18, N-24478-18)

[*1]In the Matter of Esther R.-M. D. (Anonymous). Administration for Children's Services, respondent; Carry Q. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of Jovanni A. O. C. (Anonymous). Administration for Children's Services, respondent; Carry Q. (Anonymous), appellant. (Proceeding No. 2.)

Helene Bernstein, Brooklyn, NY, for appellant.
Muriel Goode-Trufant, Acting Corporation Counsel, New York, NY (Deborah A. Brenner and Chloé K. Moon of counsel), for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell, Jess Rao, and Polixene Petrakopoulos of counsel), attorney for the child Esther R.-M. D.
Lewis S. Calderon, Jamaica, NY, attorney for the child Jovanni A. O. C.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, Carry Q. appeals from an order of disposition of the Family Court, Queens County (Margaret Morgan, J.), dated June 7, 2023. The order of disposition, upon an order of fact-finding of the same court dated February 9, 2023, made after a fact-finding hearing, finding that Carry Q. abused and neglected the child Jovanni A. O. C. and derivatively abused and neglected the child Esther R.-M. D., and after a dispositional hearing, inter alia, placed the child Jovanni A. O. C. in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing, released the child Esther R.-M. D. to the custody of that child's nonrespondent mother until completion of the next permanency hearing, and directed Carry Q. to submit to a mental health evaluation, complete a sex offender treatment program, and comply with the terms of an order of protection of the same court dated June 5, 2023, directing her to stay away from the subject children until and including October 25, 2023.
ORDERED that the appeal from so much of the order of disposition as placed the child Jovanni A. O. C. in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing and released the child Esther R.-M. D. to the custody of that child's nonrespondent mother until completion of the next permanency hearing is dismissed as academic, without costs or disbursements, as the periods of placement have expired; and it is further,
ORDERED that the appeal from so much of the order of disposition as directed Carry Q. to comply with the terms of an order of protection of the same court dated June 5, 2023, is dismissed as academic, as the order of protection has expired by its own terms; and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
In December 2018, the petitioner commenced these related proceedings pursuant to Family Court Act article 10, alleging, inter alia, that Carry Q. (hereinafter the grandmother) sexually abused and neglected the child Jovanni A. O. C. and derivatively abused and neglected the child Esther R.-M. D., who are her grandchildren. Following a fact-finding hearing, the Family Court found that the petitioner established by a preponderance of the evidence that the grandmother abused and neglected Jovanni A. O.C. and derivatively abused and neglected Esther R.-M. D. In an order of disposition dated June 7, 2023, the court, among other things, placed Jovanni A. O. C. in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing, released Esther R.-M. D. to the custody of that child's nonrespondent mother until the completion of the next permanency hearing, and directed the grandmother to submit to a mental health evaluation, complete a sex offender treatment program, and comply with the terms of an order of protection dated June 5, 2023, directing her to stay away from the children until and including October 25, 2023. The grandmother appeals.
The appeal from so much of the order of disposition as placed Jovanni A. O. C. in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing and released Esther R.-M. D. to the custody of that child's nonrespondent mother until the completion of the next permanency hearing must be dismissed as academic, as the periods of placement have expired (see Matter of Zana C. [Dana F.], 171 AD3d 1045, 1046; Matter of Michael G. [Marie S.F.], 152 AD3d 590, 590). The appeal from so much of the order of disposition as directed the grandmother to comply with the order of protection dated June 5, 2023, must also be dismissed as academic, because that order of protection expired by its own terms, and the determination of the appeal as to that order would have no direct effect on the parties (see Matter of Janiyah S. [Pedro H.], 226 AD3d 909, 910; Matter of Serenity R. [Truman C.], 215 AD3d 854, 856). However, because the findings of abuse and neglect constitute a permanent and significant stigma that might indirectly affect the grandmother's status in future proceedings, the appeal from so much of the order of disposition as brings up for review the findings of abuse and neglect and derivative abuse and neglect is not academic (see Matter of Janiyah S. [Pedro H.], 226 AD3d at 910; Matter of Alisha S. [Carine S.-K.], 223 AD3d 827, 828).
"At a fact-finding hearing in a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing, by a preponderance of the evidence, that the subject child has been abused or neglected" (Matter of Vered L. [Yoshi S.], 205 AD3d 1028, 1029; see Family Ct Act § 1046[b][i]; Matter of Ciniya P. [Omar S.W.], 217 AD3d 954, 955). "Great deference is given to the Family Court's credibility determinations, as it is in the best position to assess the credibility of the witnesses having had the opportunity to view the witnesses, hear the testimony, and observe their demeanor" (Matter of Amberlyn H.P. [Jose H.C.], 187 AD3d 920, 920 [internal quotation marks omitted]; Matter of M.W. [Mohammad W.], 172 AD3d 879, 880 [internal quotation marks omitted]).
Here, contrary to the grandmother's contentions, the evidence adduced at the fact-finding hearing, including the testimony of Jovanni A. O. C., was sufficient to prove by a preponderance of the evidence that the grandmother sexually abused Jovanni A. O. C. (see Family Ct Act § 1012[e][iii][A]; Penal Law §§ 130.35, 130.50 [former], 130.52[1], 130.60, 130.65; Matter of Ciniya P. [Omar S.W.], 217 AD3d at 955; Matter of Vered L. [Yoshi S.], 205 AD3d at 1029) and neglected Jovanni A. O. C. by inflicting excessive corporal punishment on him (see Family Ct Act § 1012[f][i][B]; Matter of Nathaniel I.G. [Marilyn A.P.], 227 AD3d 806, 807; Matter of Sahyir F. [Jalessa F.], 212 AD3d 808, 810; Matter of M.W. [Mohammad W.], 172 AD3d at 881). "[W]here, as here, the Family Court is primarily confronted with issues of credibility, its findings must be accorded deference on appeal, as they were supported by the record" (Matter of Jada A. [Robert W.], [*2]116 AD3d 769, 770; see Matter of Ciniya P. [Omar S.W.], 217 AD3d at 955).
Moreover, contrary to the grandmother's contention, the Family Court's finding that she derivatively abused and neglected Esther R.-M. D. was supported by a preponderance of the evidence. "'[P]roof of the abuse or neglect of one child shall be admissible evidence on the issue of the abuse or neglect of any other child of, or the legal responsibility of, the respondent'" (Matter of Nyla S. [Jason B.], 224 AD3d 691, 692, quoting Family Ct Act § 1046[a][ii]). "The focus of the inquiry with respect to derivative findings is whether the evidence of abuse or neglect of another child or children demonstrates such an impaired level of parental judgment as to create a substantial risk of harm for the other child or children in the [respondent's] care" (Matter of Janiyah S. [Pedro H.], 226 AD3d at 912; see Matter of Nyla S. [Jason B.], 224 AD3d at 693). Here, the evidence adduced at the fact-finding hearing demonstrated, by a preponderance of the evidence, a fundamental defect in the grandmother's understanding of the duties of a person with legal responsibility for the care of children and such an impaired level of judgment as to create a substantial risk of harm for any child in her care (see Matter of Ciniya P. [Omar S.W.], 217 AD3d at 956; Matter of Vered L. [Yoshi S.], 205 AD3d at 1029; Matter of Jose E. [Jose M.], 176 AD3d 1201, 1203).
The grandmother's remaining contentions are without merit.
BARROS, J.P., WOOTEN, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court