Matter of Alajah H. (Brian H.) (2025 NY Slip Op 00219)

Matter of Alajah H. (Brian H.)

2025 NY Slip Op 00219

Decided on January 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
VALERIE BRATHWAITE NELSON
HELEN VOUTSINAS
DONNA-MARIE E. GOLIA, JJ.

2023-06846
 (Docket Nos. N-2745-22, N-2746-22)

[*1]In the Matter of Alajah H. (Anonymous), nonparty- appellant. Administration for Children's Services, petitioner-respondent; Brian H. (Anonymous), respondent-appellant. (Proceeding No. 1.)
In the Matter of Ijah H. (Anonymous), nonparty- appellant. Administration for Children's Services, petitioner-respondent; Brian H. (Anonymous), respondent-appellant. (Proceeding No. 2.)

Leighton M. Jackson, New York, NY, for respondent-appellant.
Michael E. Lipson, Garden City, NY, attorney for the children, the nonparty-appellants.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Deborah A. Brenner and Eva L. Jerome of counsel), for petitioner-respondent.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the father appeals, and the subject children separately appeal, from an order of disposition of the Family Court, Kings County (Robert D. Hettleman, J.), dated July 10, 2023. The order of disposition, upon a finding that the father abused the child Alajah H. and derivatively abused the child Ijah H., made after a fact-finding hearing, and after a dispositional hearing, inter alia, released the subject children to the custody of the nonrespondent mother under the petitioner's supervision.
ORDERED that the order of disposition is affirmed, without costs or disbursements.
In February 2022, the petitioner commenced these related proceedings pursuant to Family Court Act article 10, alleging, among other things, that the father sexually abused his daughter, the child Alajah H., and derivatively abused his son, the child Ijah H. After a fact-finding hearing, the Family Court found that the father abused Alajah H. and derivatively abused Ijah H. After a dispositional hearing, in an order of disposition dated July 10, 2023, the court, inter alia, released the children to the custody of the nonrespondent mother under the petitioner's supervision. The father appeals, and the children separately appeal (hereinafter collectively the appellants).
"'The Family Court Act defines an abused child as, inter alia, a child whose parent commits against him or her a sex offense as defined in article 130 of the Penal Law, or allows such . . . offense to be committed against the child'" (Matter of Naima E. [Daryl M.], 227 AD3d 901, 902, quoting Matter of Ciniya P. [Omar S.W.], 217 AD3d 954, 955; see Family Ct Act § 1012[e][iii][A]; Matter of Emily R. [Magali M.C.], 226 AD3d 794, 795). "To establish its burden of showing by a preponderance of the evidence that [a parent abused or] neglected the child, a petitioner may rely upon prior out-of-court statements of the child, provided that they are properly corroborated" (Matter of Jada W. [Fanatay W.], 219 AD3d 732, 738; see Family Ct Act § 1046[a][vi]; Matter of Christina F., 74 NY2d 532, 535; Matter of Tony C. [Kristine S.—Jadiel L.], 226 AD3d 1008, 1010-1011). "Family Court Act § 1046(a)(vi) states a broad flexible rule providing that out-of-court statements may be corroborated by [a]ny other evidence tending to support their reliability" (Matter of Tony C. [Kristine S.—Jadiel L.], 226 AD3d at 1011 [internal quotation marks omitted]; see Family Ct Act § 1046[a][vi]; Matter of Nicole V., 71 NY2d 112, 118; Matter of Omnamm L. [Kumar L.], 177 AD3d 973, 975). "The Family Court, as the trier of fact, has considerable discretion in determining whether the child[ren]'s statements are sufficiently corroborated and whether the record as a whole supports a finding of [abuse]" (Matter of Logan P. [Kendell P.], 228 AD3d 867, 869 [internal quotation marks omitted]; see Matter of Jada W. [Fanatay W.], 219 AD3d at 744; Matter of Silveris P. [Meuris P.], 198 AD3d 787, 789).
Here, the Family Court's finding that the father sexually abused Alajah H. is supported by a preponderance of the evidence. Alajah H.'s out-of-court statements were substantially corroborated by the testimony of the mother and the father that was adduced at the fact-finding hearing (see Matter of Raveena B. [Khrisend R.], 209 AD3d 640, 641-642; Matter of Anthony M.-B. [Anthony B.], 208 AD3d 1327, 1328). In addition, Alajah H.'s recorded statement showed that, when asked about the incident, her demeanor changed and she became withdrawn, which further corroborated her out-of-court statements (see Matter of Oscar P. [Romulo M.], 231 AD3d 731; Matter of Jada W. [Fanatay W.], 219 AD3d at 740; Matter of Osher W. [Moshe W.], 198 AD3d 904, 907).
Further, the Family Court properly determined that Ijah H. was derivatively abused. "'Where a person's conduct toward one child demonstrates a fundamental defect in the parent's understanding of the duties of parenthood, or demonstrates such an impaired level of parental judgment as to create a substantial risk of harm for any child in his or her care, an adjudication of derivative abuse with respect to the other children is warranted'" (Matter of Naima E. [Daryl M.], 227 AD3d at 903, quoting Matter of Ciniya P. [Omar S.W.], 217 AD3d at 955). Here, the father demonstrated such an impaired level of parental judgment as to create a substantial risk of harm for Ijah H. when he sexually abused Alajah H. while Ijah H. was present in the home (see id.; Matter of Osher W. [Moshe W.], 198 AD3d at 907-908).
The appellants' remaining contentions are either unpreserved for appellate review, and, in any event, without merit, or without merit.
GENOVESI, J.P., BRATHWAITE NELSON, VOUTSINAS and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court