Matter of Jacei R. (Kimmarley B.) (2025 NY Slip Op 01935)

Matter of Jacei R. (Kimmarley B.)

2025 NY Slip Op 01935

Decided on April 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2023-10257
 (Docket Nos. N-3083-22, N-3084-22, N-3085-22)

[*1]In the Matter of Jacei R. (Anonymous). Administration for Children's Services, respondent; Kimmarley B. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Jaleea H. (Anonymous). Administration for Children's Services, respondent; Kimmarley B. (Anonymous), appellant. (Proceeding No. 2)
In the Matter of Giovanni F. (Anonymous). Administration for Children's Services, respondent; Kimmarley B. (Anonymous), appellant. (Proceeding No. 3)

Austin I. Idehen, Jamaica, NY, for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Jonathan Schoepp-Wong and Deborah A. Brenner of counsel), for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Diane Pazar of counsel), attorney for the children.

DECISION & ORDER
September 15, 2023. The order of disposition, insofar as appealed from, was entered upon an order of fact-finding of the same court (Michael R. Milsap, J.) dated June 28, 2023, made after a fact-finding hearing, finding that Kimmarley B. sexually abused the children Jaleea H. and Jacei R. and derivatively abused the child Giovanni F.
ORDERED that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.
The Administration for Children's Services commenced these related proceedings pursuant to Family Court Act article 10, alleging that Kimmarley B. (hereinafter the appellant) sexually abused the children Jaleea H. and Jacei R. and derivatively abused the child Giovanni F. After a fact-finding hearing, the Family Court found that the appellant was a person legally responsible for the children's care and that he sexually abused Jaleea H. and Jacei R. and derivatively abused Giovanni F.
"'At a fact-finding hearing in a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing, by a preponderance of the evidence, that the subject child has been abused or neglected'" (Matter of Tony C. [Kristine S.—Jadiel L.], 226 AD3d 1008, 1010, quoting Matter of Ciniya P. [Omar S.W.], 217 AD3d 954, 955). A petitioner may rely upon prior out-of-court statements of the child, provided that they are sufficiently corroborated (see Family Ct Act § 1046[a][vi]; Matter of Alajah H. [Brian H.], 234 AD3d 759). "Corroboration is not required because statements of children are generally unreliable but because the out-of-court statements are hearsay and Family Court Act § 1046(a)(vi) requires some further evidence to establish their reliability" (Matter of Janiyah S. [Pedro H.], 226 AD3d 909, 911). "Family Court Act § 1046(a)(vi) states a broad flexible rule providing that out-of-court statements may be corroborated by [a]ny other evidence tending to support their reliability" (Matter of Tony C. [Kristine S.—Jadiel L.], 226 AD3d at 1011 [internal quotation marks omitted]).
Here, the Family Court's finding that the appellant sexually abused Jaleea H. and Jacei R. and derivatively abused Giovanni F. is supported by a preponderance of the evidence (see Matter of Ciniya P. [Omar S.W.], 217 AD3d at 955). Contrary to the appellant's contention, the court providently exercised its discretion in determining that the children's out-of-court statements were sufficiently corroborated (see Matter of Alajah H. [Brian H.], 234 AD3d 759; Matter of Emily R. [Magali M.C.], 226 AD3d 794, 795).
Contrary to the appellant's contention, the evidence adduced at the fact-finding hearing demonstrated that the appellant was a person legally responsible for the children's care (see Matter of Tony C. [Kristine S.—Jadiel L.], 226 AD3d at 1010; Matter of Marjorie P.[Gerardo M.P.], 221 AD3d 818, 820-821).
The appellant's contention regarding the constitutionality of Family Court Act § 1046(a)(vi) is unpreserved for appellate review (see Matter of Kimbrough v Murphy, 156 AD3d 640, 642; Matter of Fuchs v Itzkowitz, 120 AD3d 682, 683).
The appellant's remaining contentions are either without merit or not properly before the Court.
BRATHWAITE NELSON, J.P., CHRISTOPHER, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court