Matter of Daisy N. (Mario M.) (2025 NY Slip Op 06863)

Matter of Daisy N. (Mario M.)

2025 NY Slip Op 06863

Decided on December 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
LOURDES M. VENTURA
ELENA GOLDBERG VELAZQUEZ, JJ.

2024-10652
 (Docket Nos. N-6588-23, N-6589-23)

[*1]In the Matter of Daisy N. (Anonymous). Administration for Children's Services, appellant; Mario M. (Anonymous), respondent. (Proceeding No. 1)
In the Matter of Jacob M. (Anonymous). Administration for Children's Services, appellant; Mario M. (Anonymous), respondent. (Proceeding No. 2)

Muriel Goode-Trufant, Corporation Counsel, New York, NY (Devin Slack and Chloé K. Moon of counsel), for appellant.
Matthew McGrath, Fresh Meadows, NY, for respondent.
Marlene Toledo, Jamaica, NY, attorney for the child Jacob M.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the petitioner appeals from an order of the Family Court, Queens County (Monica D. Shulman, J.), dated October 15, 2024. The order, insofar as appealed from, after a fact-finding hearing, and upon a finding that the petitioner failed to establish that the father derivatively abused and neglected the subject child Jacob M. based upon the father's sexual abuse of the subject child Daisy N., dismissed the petition as to the subject child Jacob M.
ORDERED that the order is reversed insofar as appealed from, on the law and the facts, without costs or disbursements, the petition as to the subject child Jacob M. is reinstated, a finding is made that the father derivatively abused and neglected the subject child Jacob M. based upon the father's sexual abuse of the subject child Daisy N., and the matter is remitted to the Family Court, Queens County, for a dispositional hearing and a determination thereafter.
The petitioner, Administration for Children's Services (hereinafter ACS), commenced these related proceedings pursuant to Family Court Act article 10 alleging, inter alia, that the father derivatively abused and neglected his son, the child Jacob M., based upon the father's sexual abuse of his stepdaughter, the child Daisy N. After a fact-finding hearing, the Family Court, having determined that Daisy N. credibly testified to multiple instances of sexual abuse by the father, nevertheless dismissed the petition alleging derivative abuse and neglect as to Jacob M. In so doing, the court found that ACS had failed to establish a nexus between the father's abuse of Daisy N. and the alleged derivative abuse and neglect of Jacob M., as there was no evidence that Jacob M. was aware of the sexual abuse, which occurred prior to his birth. ACS appeals.
A finding of abuse of one child does not, by itself, establish that other children in the household have been derivatively abused or neglected (see Matter of David P. [Elisa P.], 130 AD3d 739; Matter of Harmony M.E. [Andre C.], 121 AD3d 677). However, "[w]here a person's conduct [*2]toward one child demonstrates a fundamental defect in the parent's understanding of the duties of parenthood, or demonstrates such an impaired level of parental judgment as to create a substantial risk of harm for any child in his or her care, an adjudication of derivative neglect with respect to the other children is warranted" (Matter of Leah S. [Barnett V.], 228 AD3d 667, 669 [internal quotation marks omitted]). Further, "conduct which evinces a 'fundamental defect' in the respondent's 'understanding of his [or her] parental duties relating to the care of children' and impaired parental judgment is sufficient to support a finding of derivative abuse" (Matter of Marjorie P. [Gerardo M.P.], 221 AD3d 818, 821, quoting Matter of Angelica M. [Nugene A.], 107 AD3d 803, 804-805).
Here, the evidence adduced at the fact-finding hearing demonstrated, by a preponderance of the evidence, a fundamental defect in the father's understanding of his duties as a parent and such an impaired level of judgment as to create a substantial risk for any child in his care, and, thus, the Family Court should have made a finding of derivative abuse and neglect as to Jacob M. (see Matter of Davena A. [Christopher A.], 232 AD3d 595; Matter of Kylani R. [Kyreem B.], 93 AD3d 556). The finding of derivative abuse and neglect is not undermined by the fact that at the time of the sexual abuse of Daisy N., Jacob M. had not yet been born, as the evidence demonstrated that the father's parental judgment and impulse control were so defective as to create a substantial risk to any child in his care (see Matter of Davena A. [Christopher A.], 232 AD3d at 597; Matter of Karime R. [Robin P.], 147 AD3d 439). Moreover, the father failed to establish by a preponderance of the evidence that the condition cannot reasonably be expected to exist currently or in the foreseeable future (see Matter of Davena A., 232 AD3d at 597; Matter of Aryelle F. [Esperanza F.], 148 AD3d 1014).
Accordingly, we reinstate the petition as to Jacob M., find that the father derivatively abused and neglected Jacob M. based upon the father's sexual abuse of Daisy N., and remit the matter to the Family Court, Queens County, for a dispositional hearing and a determination thereafter.
CHAMBERS, J.P., WOOTEN, VENTURA and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court