Matter of Kadri K. (Anonymous) (2026 NY Slip Op 01063)

Matter of Kadri K. (Anonymous)

2026 NY Slip Op 01063

Decided on February 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2024-11755
 (Docket Nos. N-9930-22, N-9931-22)

[*1]In the Matter of Kadri K. (Anonymous). Administration for Children's Services, petitioner-respondent; Kevin K. (Anonymous), appellant, et al., respondent. (Proceeding No. 1)
In the Matter of Shanta S. (Anonymous). Administration for Children's Services, petitioner-respondent; Kevin K. (Anonymous), appellant, et al., respondent. (Proceeding No. 2)

Carol L. Kahn, New York, NY, for appellant.
Steven Banks, Corporation Counsel, New York, NY (Ingrid R. Gustafson and Ian M. Sinclair of counsel), for petitioner-respondent.
Robert E. Silverberg, Forest Hills, NY, attorney for the child Kadri K.
Twyla Carter, New York, NY (Dawne A. Mitchell and Polixene Petrakopoulos of counsel), attorney for the child Shanta S.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, Kevin K. appeals from an order of fact-finding of the Family Court, Queens County (Elenor Reid-Cherry, J.), dated October 2, 2024. The order of fact-finding, after a fact-finding hearing, found that Kevin K. sexually abused the child S. S. and derivatively abused the child K. K.
ORDERED that the order of fact-finding is affirmed, without costs or disbursements.
The Administration for Children's Services (hereinafter ACS) filed petitions alleging, inter alia, that Kevin K. (hereinafter the appellant) sexually abused his fiancée's daughter, the child S. S., and derivatively abused the child K. K., the appellant's son. Following a fact-finding hearing, the Family Court, in an order of fact-finding dated October 2, 2024, found that the appellant was a person legally responsible for the daughter, that the appellant sexually abused the daughter, and that the appellant derivatively abused the son. This appeal ensued.
The Family Court Act defines an abused child as, inter alia, "a child . . . whose parent or other person legally responsible for his [or her] care . . . commits . . . an offense against such child defined in article one hundred thirty of the penal law" (Family Ct Act § 1012[e][iii][A]; see Matter [*2]of Ashlyn M. [Robert J.], 228 AD3d 939, 941; Matter of Vered L. [Yoshi S.], 205 AD3d 1028, 1029). "Sexual contact" is defined as "any touching of the sexual or other intimate parts of a person for the purpose of gratifying sexual desire of either party" (Penal Law § 130.00[3]). "The intent to receive sexual gratification 'may be inferred from the nature of the acts committed and the circumstances in which they occurred'" (Matter of Vered L. [Yoshi S.], 205 AD3d at 1030, quoting Matter of Shaquan A. [Fan Fan A.], 137 AD3d 1119, 1120).
At a fact-finding hearing in a proceeding pursuant to Family Court Act article 10, "the petitioner has the burden of establishing, by a preponderance of the evidence, that the subject child has been abused or neglected" (Matter of Vered L. [Yoshi S.], 205 AD3d at 1029; see Family Ct Act § 1046[b][i]). "Great deference is given to the Family Court's credibility determinations, as it is in the best position to assess the credibility of the witnesses having had the opportunity to view the witnesses, hear the testimony, and observe their demeanor" (Matter of Ashlyn M. [Robert J.], 228 AD3d at 941 [internal quotation marks omitted]). "Where, as here, there is conflicting testimony and the matter turns upon the assessment of the credibility of witnesses, the factual findings of the hearing court must be accorded great weight" (id. [internal quotation marks omitted]; see Matter of Naima E. [Daryl M.], 227 AD3d 901, 902).
Here, the Family Court's finding that the appellant sexually abused the daughter and derivatively abused the son is supported by a preponderance of the evidence (see Matter of Ashlyn M. [Robert J.], 228 AD3d at 941; Matter of M.W. [Mohammad W.], 172 AD3d 879, 881). The daughter's hearing testimony established that the appellant sexually abused her within the meaning of Family Court Act § 1012(e)(iii)(A) (see Matter of Ashlyn M. [Robert J.], 228 AD3d at 941; Matter of Naima E. [Daryl M.], 227 AD3d at 903). Contrary to the appellant's contention, the daughter's testimony, which differed in some respects from prior statements she made to representatives of the New York City Police Department and ACS, constituted "minor inconsistencies" that did not render her "testimony unworthy of belief" (Matter of Jaretzy F. [Jesus F.—F.], 240 AD3d 892, 894 [internal quotation marks omitted]). Based on the totality of the circumstances, the court appropriately inferred that the appellant intended to gain sexual gratification from his conduct (see Matter of Ashlyn M. [Robert J.], 228 AD3d at 941; Matter of M.W. [Mohammad W.], 172 AD3d at 881).
The appellant's remaining contention is unpreserved for appellate review.
DUFFY, J.P., WOOTEN, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court